IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>BILLY WILLIAMS,<br><br>      Petitioner,<br><br>    v.<br><br>RICH PILLOW, Warden,<br> Jacksonville Correctional Center,<br><br>      Respondent. | Case No. 09 C 4920<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

   Petitioner Billy Williams seeks relief by writ of habeas corpus relief under 28 U.S.C. §2254 in connection with his state-court conviction for first degree murder and attempted first-degree murder. For the reasons set forth below, Williams' petition for writ of habeas corpus is denied.

**Background**

   On April 28, 1998, Williams pled guilty in a negotiated plea to the charges of first-degree murder and attempted first-degree murder. (Respondent's Exhibit A at K8.) The guilty plea arose out of an incident on October 29, 1996, that resulted in the shooting death of Verneal Thompson and a gunshot wound to the thumb of Christian Latham. At the hearing, the court admonished Williams as follows: "The law requires that any sentence you receive on the attempt murder of Christian Latham must be served consecutive to the sentence that you receive on the first-degree murder . . ." *Id.* at K5. Pursuant to the negotiated plea agreement, Williams was sentenced for thirty-two years for first-degree murder and for six years for attempted first-degree murder, sentences to be served consecutively. *Id.* at K10. On June 15, 1998, Williams filed a *pro*

*se* motion to vacate his guilty plea. (Respondent's Exhibit C at 1.) The trial court denied the motion. Williams appealed and the Illinois Appellate Court reversed and remanded for the filing of a new motion to vacate since the State conceded that the trial court's sentencing admonishment "did not comply with Supreme Court Rule 605(b)." (Respondent's Exhibit B, Appeal Order of June 6, 2003, at 2.)

Following remand, on February 8, 2001, Williams filed a new motion to vacate his guilty plea, alleging that his consecutive sentences violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Respondent's Exhibit E at C24.) The trial court again denied Williams' motion to vacate his guilty plea. (Respondent's Exhibit F at A-16.) Williams again appealed, and the Illinois Appellate Court reversed and remanded for the filing of a new motion to vacate because defense counsel failed to strictly comply with Illinois Supreme Court Rule 604(b).

On April 6, 2004, Williams, through counsel, filed a third motion to vacate his guilty plea, and filed an amended motion on May 10, 2004. (Respondent's Exhibit J at 15.) In the amended motion, Williams alleged that his consecutive sentences were improper absent a finding that the attempted murder victim suffered severe bodily injury under *People v. Whitney*, 188 Ill.2d 91 (1999)1, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Williams also alleged ineffective assistance of counsel based on his attorney's failure to file pre-trial motions to suppress his custodial statements. At a May 10, 2004 hearing, the trial court once more denied Williams' motion. (Respondent's Exhibit K at 57.) In denying the motion, the trial court found that Williams' plea to consecutive sentences was knowing and voluntary, and that his custodial statements were made in the presence of a youth officer. The trial court also agreed with the

---

1 In *People v. Whitney*, the Illinois Supreme Court clarified the meaning of the consecutive sentences statute. The court construed 730 ILCS 5/5-8-4(a) as requiring consecutive sentencing where the defendant has been convicted of either a Class X or Class 1 felony and where he had inflicted severe bodily injuring during the commission of that felony.188 Ill.2d 91, 98-99 (1999).

State's argument that *People v. Whitney* was distinguishable because Williams entered a negotiated plea agreeing to the sentence. The Illinois Appellate Court affirmed, opining that Williams' conceded that the factors necessary to mandate consecutive sentences existed by agreeing to the sentence as part of his plea. (Respondent's Exhibit O at 6.)

On September 7, 2006, Williams filed a *pro se* petition for post-conviction relief. (Respondent's Exhibit S at C 028). In his post-conviction petition, Williams alleged ineffective assistance of post-plea counsel based on his attorney's failure to ensure the medical report of the attempted murder victim were in the record, and that his consecutive sentence was void because the medical report showed that the attempted murder victim suffered only a minor injury. *Id.* at C 031. The trial court denied Williams' petition for post-conviction relief. *Id.* at C 058.

On appeal, Williams argued that the trial court erred in summarily dismissing his post-conviction petition because he had raised the gist of a constitutional claim based on ineffective assistance of counsel where his attorney failed to introduce a copy of the alleged victim's medical report, which conclusively showed his consecutive sentences were void. (Respondent's Exhibit T at 10.)

The Illinois Appellate Court affirmed the dismissal of Williams' post-conviction petition, finding that Williams' claim that his consecutive sentence is void was barred by *res judicata* because there was no appreciable difference between his consecutive sentences claim raised on direct appeal and his claim on collateral appeal. (Respondent's Exhibit W, Appellate Order of July 31, 2008.) However, the court went on to address the claim because Williams maintained that the claim was not barred since he presented new evidence, *i.e.*, the alleged victim's medical report, which showed he was not statutorily eligible for consecutive sentences. The court disagreed, finding that the evidence of the medical report was available and known to the parties

from the start of the proceedings. The court further stated that if Williams' sentence was void, it may be collaterally attacked at any time. Yet, the court held that Williams' sentence was merely voidable rather than void because the law at the time of his sentence was unsettled as to the imposition of consecutive sentences under 730 ILCS 5/5-8-4(a)(i)(West 1998). The court distinguished *People v. Whitney* based on Williams' negotiated plea, which pre-dated the Illinois Supreme Court's clarification of the statute in *Whitney*. Thus, any error in the imposition of Williams' consecutive sentence was at most a mistake of law or fact, rendering the sentence voidable rather than void. The Illinois Supreme Court denied Williams' petition for leave to appeal his motion for post-conviction relief.

**Habeas Petition**

Williams filed the instant *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254(d)(1). This court construes *pro se* allegations liberally. *See McGee v. Bartow*, 593 F. 3d 556, 565-66 (7th Cir. 2010). Williams alleges that his due process rights and his right to effective assistance of counsel were violated when his attorney failed to incorporate into the trial and appellate court proceedings the medical records of the alleged attempted murder victim (Christian Latham), which allowed the trial court and appellate court to impose and affirm the unlawful consecutive sentence.

**Legal Standard**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for federal relief of habeas corpus when, as a result of a state court decision, a criminal defendant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute exists to ensure the fundamental fairness of states' criminal adjudications. *Williams v. Taylor*, 529 U.S. 362, 375 (2000). The applicant must have exhausted all state-based remedies.

28 U.S.C. § 2254(b). To obtain relief under § 2254, it is not enough to demonstrate that a state court's decision was clearly erroneous. *Badelle v. Correll,* 452 F.3d 648, 655 (7th Cir. 2006). A writ may only be granted if the state court, adjudicating the claim on the merits, resulted in a decision that *unreasonably* applied "clearly established federal law, as determined by the Supreme Court of the United States." § 2254(d)(1) (Emphasis added).

Accordingly, to obtain a writ of habeas corpus, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Under habeas review, a state court's decision lacks justification if it is "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002). The federal court considering a habeas corpus petition reviews the decision of the last state court to rule on the merits of Williams' claim. *McCarthy v. Pollard*, 656 F.3d 478 (7th Cir. 2011). Accordingly this Court reviews the Illinois Appellate Court's decision affirming summary dismissal of Williams' post-conviction petition. (*People v. Williams,* No. 1-06-3364, July 31, 2008).

**Discussion**

*1. Due Process Claim*

Williams claims that the trial court violated his due process rights under the *Fourteenth Amendment* by imposing consecutive sentences that Williams asserts were not authorized by Illinois law at the time of his plea. For his claims to be considered by this court, Williams must have given the Illinois state courts, a fair opportunity to act on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "Fair presentment 'requires the petitioner to give the state courts a

meaningful opportunity to pass upon the substance of the claims later presented in federal court.'" *Dellinger*, 301 F.3d at 764 (quoting *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). Failure to fairly present the claims to the state courts results in procedural default barring federal review. *Id.* Procedural default ordinarily precludes federal review of the merits of a habeas claim when either "(1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

In his habeas petition, Williams asserts claims of a due process violation under the *Fourteenth Amendment*. However, Williams consistently argued that his consecutive sentences are void because the trial court lacked the statutory authority to impose a consecutive sentence based on Illinois law. Although Williams raised the issue as violating *Apprendi v. New Jersey*[2] in his second and third motions to vacate, he did not continue to pursue *Apprendi* as a basis for a U.S. Constitutional violation, and the Illinois Appellate Court did not address the issue of *Apprendi*. Even if Williams had continued to claim that his consecutive sentences violated *Apprendi*, that argument would fail because *Apprendi* is not retroactive and Williams' sentence predates the ruling. *See Dellinger*, 301 F.3d at 765, n.6.

Although he is now seeking federal habeas review by framing his claim as a violation for due process, it is essentially a recharacterization of his claim that the state court lacked the authority to impose consecutive sentences. As evident from the record and from his habeas petition, Williams is asking this Court to find that the Illinois courts misapplied the Illinois

---

2 In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that any fact other than a prior conviction which increases the maximum statutory penalty for a crime must be submitted to a jury, and proven beyond a reasonable doubt. The Illinois Supreme Court has held that consecutive sentences do not constitute a single sentence for one offense and thus, where the defendant is not sentenced in excess of the statutory maximum for each separate offense, there is no *Apprendi* violation. *People v. Carney*, 196 Ill. 2d 518 (2001).

sentencing statute by imposing consecutive sentences without finding that the attempted murder victim suffered a <u>severe</u> bodily injury as required by 730 ILCS 5/5-8-4(a). However, a federal district court may not review state courts' interpretations of state law. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009). "[A]n error in . . . the application of state sentencing rules, does not present a cognizable claim for federal habeas relief." *Dellinger*, 301 F.3d at 764. Williams' claim is now procedurally defaulted because the Illinois Appellate Court had an opportunity to address the validity of Williams' consecutive sentences on both direct and collateral appeal and that court found that Williams' consecutive sentences did not violate Illinois law. Accordingly, Williams' petition for habeas relief is denied on that issue.

2. *Effective Assistance of Counsel*

Williams also claims violation of his *Sixth Amendment* right to the effective assistance of counsel because his attorney failed introduce into evidence medical records of Williams' attempted first-degree murder victim. Specifically, Williams argues that the victim's medical report was crucial to support his motions to vacate since it established that the attempted murder victim suffered only a minor injury to his thumb, rather than a severe injury as required by 730 ILCS 5/5-8-4(a). Williams therefore asserts that his attorney's failure to submit the medical report in support of Williams' motions to vacate his guilty plea was unreasonable and prejudiced the outcome of his efforts to vacate his guilty plea.

The *Sixth Amendment* to the U.S. Constitution guarantees criminal defendants assistance of counsel, which the Supreme Court has interpreted to mean the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to be deemed ineffective, the attorney's conduct must be sufficiently unreasonable that it deprives the defendant of a fair trial.

*Id.* at 687. Under *Strickland*, Williams must show that but for "counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

There is no evidence that Williams' attorney's conduct was unreasonably deficient. The Illinois Appellate Court affirmed summary dismissal of Williams' post-conviction petition finding that he failed to raise the gist of a constitutional claim. Although it found Williams' claim of ineffective assistance of counsel was barred by *res judicata*, the court went on to hold that Williams' consecutive sentence was not contrary Illinois law. The court further stated that counsel's failure to introduce the medical report did not render the sentence void. In so holding, the court noted that Illinois law regarding consecutive sentences under 730 ILCS 5/5-8-4(a) was unsettled at the time of Williams' plea. Failing to argue an unsettled legal claim does not constitute ineffective assistance of counsel. *See, e.g., Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) (observing that, "[T]he rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized...," citing Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 17.1 at 497).

Moreover, as the Illinois Appellate Court noted, the relevant information with regard to the severity of the injury was a part of the record at the time of the plea even if the medical report itself was not. Thus, Williams cannot show that the outcome would have been different if counsel had introduced the medical report. Because the law concerning consecutive sentencing was in flux at the time of the plea agreement and Williams has not shown the result would have been different, counsel cannot be said to have been ineffective. Accordingly, this Court finds that the state court's ruling is not inconsistent with Supreme Court holdings. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1402, 179 L. Ed. 2d 557 (2011).

**Conclusion**

For the reasons set forth above, Williams' petition for relief by writ of habeas corpus [1] is denied.

IT IS SO ORDERED.


Dated: 11/16/2011

Entered:_____
Sharon Johnson Coleman